IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD PFIEFFER    :
                      :
v.    :    Civil No. CCB-11-3307
                      :
SCHMIDT BAKING CO., INC.    :

## MEMORANDUM

Plaintiff Ronald Pfieffer filed this ERISA action claiming that defendant Schmidt Baking Co., Inc. ("Schmidt"), his former employer, was improperly offsetting the pension payments he was due under the company's pension plan with the pension benefits he was receiving from his union. After a year of litigation, Schmidt reversed its position on the viability of the offset, began paying pension benefits without the offset, and paid Pfieffer all of the back pension he claimed he was owed.

The parties are now engaged in a protracted dispute regarding attorney's fees. Pfieffer sought discovery from Schmidt on attorney's fees. Schmidt refused to engage in discovery, taking the position that ERISA actions are limited to the administrative record. Pfieffer subsequently filed a motion for attorney's fees, and Schmidt has filed motions to strike several of Pfieffer's filings because Pfieffer has incorporated confidential materials Schmidt submitted during mediation into his briefs. Schmidt has also filed a motion for summary judgment, arguing that, because it has provided Pfieffer all the relief has sought, the case is moot. For the reasons stated below, the court will dismiss the case as moot but retain jurisdiction over Pfieffer's request for attorney fees.

# BACKGROUND[1]

Pfieffer is a participant in Schmidt's Pension Plan and Trust ("the plan"). The plan apparently contained a provision that Schmidt believes permitted it to offset a plan participant's pension benefits with the amount a participant is entitled to under a separate union pension plan. Schmidt discovered, in 2008, that its third-party service provider had not been applying this "union offset provision," so Schmidt directed the provider to begin applying it in calculating benefits. (Def.'s Mot. Summ. J., Ex. 1 ("Mann Aff."), ECF No. 44-1, ¶¶ 5-6). In March 2010, Schmidt sued the provider for failing "to apply the union offset provision." (*Id.* ¶ 7). At that time, Schmidt requested documentation and discovery related to the union offset provision. (*Id.*). Schmidt received over 21,000 pages in discovery. (*Id.*). According to Schmidt, at some point in 2008, Pfieffer's union approached Schmidt about the union offset provision and threatened to take legal action if Schmidt did not stop applying it to its members' pensions. (*Id.* ¶ 8). The union apparently agreed to refrain from legal action until Schmidt finished pursuing its claim against the third-party provider. (*Id.*).

Pfieffer filed this action on November 17, 2011, several years after the time when Schmidt began applying the union offset provision to his benefits and the union apparently agreed not to pursue legal action. The case was referred to settlement in April 2012, and a settlement conference was scheduled for September 17, 2012. On September 14, 2012, the conference was postponed, and subsequently rescheduled for October 17, 2012. According to Pfieffer, Schmidt represented "that the matter was to be settled," so the settlement conference was cancelled. (Correspondence from Pfieffer, ECF No. 30). Schmidt had not provided any details regarding this settlement to Pfieffer until sometime after November 6, 2012. (*See id.*).

---

[1] For the purposes of resolving these issues, the court will largely adopt the facts as set forth in Schmidt's motion for summary judgment.

2

During this time, according to Schmidt, the company "determined that the application of the union offset provision to benefits earned under the Union Plan, although logical . . . and although intended by the relevant parties, was not reflected in the various files and documents to the extent that Schmidt would have preferred." (Mann Aff. ¶ 10). On October 5, 2012, "Schmidt informed all affected Pension Plan participants, including [Pfieffer], that the union offset provision would no longer be applied to benefits[.]" (*Id.* ¶ 11). Schmidt subsequently provided all pension plan participants, including Pfieffer, with "payment representing all prior offsets plus interest." (*Id.* ¶ 12). Schmidt also "amended its Pension Plan to clarify that the union offset provision would not apply to any benefits accrued under the Union Plan." (*Id.*). On January 29, 2013, Schmidt sent Pfieffer payment of all the back pension he claimed he was owed, and Pfieffer continues to receive monthly benefit payments without the union offset. (*Id.* ¶ 13).

## ANALYSIS

**A. Mootness**

Schmidt has filed a motion for summary judgment under Rule 56 on mootness grounds, arguing that Schmidt's back benefits payment to Pfieffer and affirmative policy change constitute all the relief Pfieffer sought in this suit. If a case is moot, the court lacks subject-matter jurisdiction. *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) ("[M]ootness principles derive from Article III of the Constitution, which mandates that federal courts adjudicate only disputes involving 'a case or controversy.'") (citations and quotations omitted); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011). "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' . . . [A] change in factual circumstances can moot a case; for example, 'when the claimant receives the relief . . . she sought to obtain through her claim,' her

3

claim becomes moot.'" *Warren*, 676 F.3d at 370 (citations and brackets omitted). Here, Pfieffer agrees with Schmidt that "in a complete turn-around of its position . . . Schmidt agreed to pay Mr. Pfieffer the full amount of his benefits sought by the Complaint plus interest" and that Schmidt has amended Pfieffer's written pension plan to clarify that it will no longer apply the disputed benefit offset provision at issue. (Pl.'s Opp., ECF No. 47, at 2-3). This appears to constitute all the relief Pfieffer sought to obtain in his complaint.

Pfieffer also notes, however, that his suit sought not only retroactive relief, in the form of back pension benefits, but also prospective relief, in the form of all the future benefits to which he is entitled until his death. Pfieffer suggests that, without relief from this court, there is no guarantee that Schmidt will pay his full future benefits. But, Schmidt has not simply represented to the court that it will no longer apply the offset, it has also amended Pfieffer's pension plan "to clarify that the union offset provision will not apply to any benefits accrued under the Union Plan." (Mann Aff. ¶ 12). While "mootness does not result from a defendant's voluntary cessation of his allegedly illegal conduct unless it is clear that the behavior is unlikely to recur," *see Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013), it is clear here that it would be all but impossible for Schmidt to go back on its word and to reapply the offset provision to Pfieffer's benefits. Doing so would violate the express terms of Pfieffer's plan, which has been amended to reflect Schmidt's change in policy, and immediately expose Schmidt to liability for a breach of that agreement. Thus, there is no further "effectual relief" the court could grant. *See Knox v. SEIU, Local 1000*, 132 S. Ct. 2277, 2287 (2012) ("A case becomes moot only when it is impossible for a court to grant . . . any effectual relief whatever to the prevailing party. . . . As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (internal citations, quotation marks, and brackets omitted). The best Pfieffer

could have hoped for in this suit would have been full back benefits, plus interest, and an order that Schmidt must permanently change its policy to prohibit application of the offset provision to Pfieffer's future pension benefits. This is precisely the relief that Schmidt has already provided. In fact, Pfieffer's suit, which was likely a significant impetus for Schmidt to change its overall policy, has affected the pension plans and payments of all other similarly situated beneficiaries, (Mann Aff. ¶ 12), further reducing any possibility that Schmidt would attempt to re-amend its policy and begin applying the offset again. Accordingly, the case is moot. As mootness deprives the court of subject matter jurisdiction, Pfieffer's suit must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2]

**B. Attorney's Fees**

The court will retain jurisdiction over this action, however, to resolve the parties' attorney's fees dispute. "Where a court is divested of its subject matter jurisdiction over the substantive claim by virtue of intervening mootness, it nonetheless retains jurisdiction to 'consider collateral issues after an action is no longer pending.'" *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 398 F. Supp. 2d 470, 482 (E.D. Va. 2005) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). "'[M]otions for costs or attorney's fees are independent proceedings supplemental to the original proceeding,' and thus the imposition of costs and attorney's fees is not a judgment on the merits of an action for which there is no jurisdiction." *Id.*

Furthermore, "[a] district court 'in its discretion may allow a reasonable attorney's fee and costs of action to either party' in an ERISA action." *Plasterers' Local Union No. 96 Pension Plan v. Pepper*, 663 F.3d 210, 221-22 (4th Cir. 2011) (quoting ERISA, 29 U.S.C. § 1132(g)(1)).

---

[2] Thus, Schmidt's motion for summary judgment will be denied as moot.

"[A] fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S. Ct. 2149, 2156 (2010). Instead, a claimant may be entitled to fees "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.* at 2158 (quotation marks, brackets, and citations omitted). Here, Pfieffer contends that he achieved not only some—but essentially complete—success on the merits. Thus, he may be entitled to attorney's fees.

In the Fourth Circuit, however, the court, in deciding whether to exercise its discretion to grant attorney's fees, must also analyze the factors set forth in *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017 (1993), which are "general guidelines" and not a "rigid test." *See Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010) (noting the continued viability of the *Quesinberry* approach after *Hardt*). These factors are: "(1) [the] degree of opposing parties' culpability or bad faith; (2) [the] ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Id.* (quoting *Quesinberry*, 987 F.2d at 1029). Because the court is "entitled to consider the remedial purposes of ERISA to protect employee rights and secure effective access to federal courts[,]" the court may also consider a successful plaintiff's ability to pay their own attorney in exercising its discretion under *Quesinberry*. *Id.* at 636. Because Schmidt has not yet had an opportunity to respond to the substance of Pfieffer's motion for attorney fees in light of

these factors, which Pfieffer has thoroughly addressed, the court will grant Schmidt an opportunity to file an opposition to Pfieffer's motion.

### C. Pfieffer's Use of Confidential Mediation Communications

Furthermore, as explained above, fee disputes are separate, ancillary proceedings. Thus, Pfieffer did not necessarily act improperly by attaching and incorporating confidential material into his filings for the purpose of resolving such a dispute, because the local rules contemplate the possibility of admitting such materials in proceedings aside from the one for which the mediation was held. *See* Local R. 607.4 (D. Md. 2011) ("No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence."). In the interest of preserving future litigants' expectations about the confidentiality of this court's ADR program, however, the court will grant Schmidt's motion to strike to the extent that the court has not relied on any confidential material in resolving Schmidt's motion for summary judgment, but the court will not strike Pfieffer's filings in their entirety. The court reserves ruling on whether it may be appropriate to consider confidential communications in the course of resolving the parties' fee dispute. Given the local rules, Pfieffer should have sought to file any such communications under seal, and his motion to seal his opposition to Schmidt's motion to strike will be granted. Finally, under all the circumstances, Schmidt has not demonstrated that Pfieffer should be sanctioned. *Cf. In re Anonymous*, 283 F.3d 627, 635-36 (4th Cir. 2002) (considering but declining to impose sanctions in the context of 4th Cir. R. 33, which requires absolute confidentiality of all mediation communications, even in subsequent proceedings, "without prior approval of the Standing Panel on Attorney Discipline").

### CONCLUSION

For the reasons stated above, the court will dismiss this case as moot but retain

jurisdiction to resolve Pfieffer's motion for attorney's fees. Schmidt will have 28 days from the entry of the court's order to respond to Pfieffer's motion. Furthermore, because Pfieffer filed a thorough motion for attorney's fees without any additional discovery, the discovery Pfieffer previously sought does not appear to be necessary at this time. Accordingly, Schmidt's motion to strike Pfieffer's discovery requests will be granted, without prejudice to the renewal of Pfieffer's requests if they become necessary in connection with the fee dispute.

<u>August 20, 2013</u>             <u>          /s/                              </u>
Date                                             Catherine C. Blake
                                                           United States District Court